CV-06 0098

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM GORDON,

                Plaintiff

    -against-

INCORPORATED VILLAGE OF ATLANTIC BEACH
and TOWN OF HEMPSTEAD

                Defendants
-----------------------------------------------------------------X

COMPLAINT

05 Civ-_____

(B.F.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 09 2006 ★
LONG ISLAND OFFICE

FEUERSTEIN, S
ORENSTEIN, M.

## STATEMENT OF PLAINTIFF'S CLAIMS

1. Plaintiff files this action complaining of defendants for violations of the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq. and 42 U.S.C. Section 12204 et seq. (hereinafter, "ADA"). Plaintiff seeks declaratory and injunctive relief, as well as attorney's fees and costs against the defendants.

## PARTIES

2. Plaintiff ADAM GORDON resides in Long Beach, New York on Minnesota Avenue. He is an individual with a condition known as Ramsey-Hunt Syndrome. Ramsey Hunt Syndrome is a neurological movement disorder. As a result of this condition, he uses a scooter outside his home and a hand-push wheelchair inside his home.

3. Defendant TOWN OF HEMPSTEAD, (hereinafter, "HEMPSTEAD") is a TOWN located in Nassau County, New York existing under and by virtue of the laws of the State of New York.

1

4. Defendant INCORPORATED VILLAGE OF ATLANTIC BEACH (hereinafter, "ATLANTIC") is a New York State municipal corporation existing under and by virtue of the laws of the State of New York. ATLANTIC BEACH is incorporated in Nassau County, New York.

## VENUE AND JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 2201 and through the ADA.

6. This Court has venue through the residence of the plaintiff in Nassau County, New York and the municipal activities of the defendants in Nassau County, New York.

## FOR A CAUSE OF ACTION UNDER THE ADA

7. Defendant HEMPSTEAD owns or otherwise exerts administrative control over the public roads and sidewalks located along Park Street between Acapulco Street heading east to Yates Avenue in the Town of Hempstead.

8. Defendant ATLANTIC owns or otherwise exerts administrative control over the public roads and sidewalks located along Park Street between Acapulco Street heading east to Yates Avenue in the Town of Hempstead.

9. Defendant HEMPSTEAD owns or otherwise exerts administrative control over the public roads and sidewalks located along Beech Street between Yates Avenue and Brookline Avenue in the Town of Hempstead.

10. Defendant HEMPSTEAD owns or otherwise exerts administrative control over the public roads and sidewalks located along Marginal Road between Richard Street and Mark Drive in the Town of Hempstead.

11. Defendants are local governmental entities under the definition of that term provided in 42 U.S.C.A. § 12115 (1).

12. The installation, maintenance and repair of roads and sidewalks are fundamental parts of the transportation services provided by the defendants.

13. Defendant discriminates against the plaintiff and other persons who use wheelchairs, in violation of the ADA, in the following respects:

   a. On the sidewalk along the west side of Acapulco Street there is a tree root that has pushed the sidewalk slab up about two to three inches along the entire length of the sidewalk slab, thereby forcing the plaintiff and other persons who use wheelchairs to travel in Acapulco Street.

   b. There is an obstruction on the sidewalk along the south side of Park Street just west of Ithaca Avenue. This obstruction forces the plaintiff and other persons who use wheelchairs to travel in Park Street.

   c. There is an obstruction on the sidewalk along the south side of Park Street between Lewis Avenue and Montgomery Boulevard. This obstruction forces the plaintiff and other persons who use wheelchairs to travel in Park Street.

   d. Most of the sidewalk along the south side of Park Street between Rensselaer Avenue and Queens Avenue is obstructed by overgrown bushes. The obstruction created by the bushes so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Park Street.

e. Most of the sidewalk along the south side of Park Street/Beech Street between Tioga Avenue and Ulster Avenue is obstructed by overgrown bushes. The obstruction created by the bushes so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Park Street/Beech Street.

f. Most of the sidewalk along the south side of Park Street/Beech Street between Ulster Avenue and Vernon Avenue is obstructed by an overgrown bush. The obstruction created by the bush so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Park Street/Beech Street

g. The entire sidewalk along the south side of Beech Street between Wayne Avenue and Yates Avenue is obstructed by grass that has grown over from both sides of the sidewalk limiting the width of the sidewalk to approximately 18 inches. The obstruction created by the overgrown grass so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Beech Street.

h. The whole sidewalk along the south side of Beech Street east of Yates Avenue until the entrance to the Lawrence Beach Club is in severe disrepair. On the section just west of Atlantic Beach Estates grass has overgrown from both sides of the sidewalk to such a degree that it has nearly obliterated the sidewalk. Along this same stretch of sidewalk there is also a large bush that has completely grown over the entire

4

width of the sidewalk. On the section east of Atlantic Beach Estates the sidewalk is overgrown by bushes and other plants. The obstructions created by the overgrown grass and bushes so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Beech Street.

i. Sidewalk access through Atlantic Beach from the western edge of the entrance to the Lawrence Beach Club to Mark Lane is provided along Marginal Road. Marginal Road parallels Beech Street on its north side. There are two interruptions in the accessible routes along the sidewalk system on Marginal Road that force the plaintiff and people who use wheelchairs to travel in Beech Street.

j. The sidewalk along the south side of Beech Street west of Clayton Avenue approximately 20 feet east of the end of the sidewalk is obstructed by overgrown bushes. The sidewalk along the south side of Beech Street approximately 100 feet west of Clayton Avenue is obstructed by an overgrown bush that is opposite a telephone pole. The obstructions created by the bushes and the pole so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs have are forced to travel in Beech Street.

k. The sidewalk along the south side of Beech Street between Clayton Avenue and Malone Avenue is obstructed by an overgrown bush that is opposite two signs installed in the sidewalk. The obstruction created by the bush and the signs so narrows the width of the sidewalk that the

5

plaintiff and other persons who use wheelchairs have are forced to travel in Beech Street.

l. On the sidewalk along the north side of Beech Street at the northwest corner of Malone Avenue and Beech Street is obstructed by a telephone pole set into a new sidewalk slab that is opposite the boundary wall of the adjoining landowner. The obstruction created by the pole and the boundary wall so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Beech Street.

m. The sidewalk along the south side of Beech Street between Mohawk Avenue and Troy Avenue is obstructed by overgrown bushes that are opposite a pole installed in the sidewalk. The obstruction created by the bushes and the pole so narrows the width of the sidewalk that the plaintiff and other persons who use wheelchairs are forced to travel in Beech Street.

14. Defendants, their employees, agents or servants, are obligated to maintain and/or repair those public roads and sidewalks identified in paragraph thirteen (13) above.

15. Pursuant to the ADA, the defendants must maintain and repair those public roads and sidewalks identified in paragraph thirteen (13) so that they are accessible to the plaintiff and other individuals with disabilities who use wheelchairs.

16. Plaintiff has lived in Long Beach for his entire life. His parents are members of the Sands Beach Club located on Beech Street in Atlantic Beach Estates in the Town of Hempstead.

17. Plaintiff periodically visits the Village of Atlantic Beach to visit the Sands Beach Club. During those visits the plaintiff uses those roadways and sidewalks identified above to navigate from his home on Minnesota Avenue in Long Beach to the Village of Atlantic Beach. The plaintiff has also attempted unsuccessfully to travel to the village of Lawrence, New York which is across a bridge from Atlantic Beach to Lawrence to visit various public accommodations located in the Five Towns area. This bridge has a pedestrian footpath that is accessible to individuals who use wheelchairs. However, the lack of accessible sidewalks leading to the accessible pedestrian bridge prevents the plaintiff from crossing over the bridge

18. Most recently in August, 2005, the plaintiff attempted to use the sidewalks identified above but was unable to use them because of those obstructions identified in paragraph thirteen (13), above.

19. When the plaintiff and other individuals who use wheelchairs are forced to travel in Beech Street or Park Street in Atlantic Beach because of obstructions on the sidewalks along Beech Street and Park Street they face a substantial risk of serious or deadly injury from an automobile accident.

20. The failure of the defendants to remove the obstructions on the sidewalks along Beech Street and Park Street in Atlantic Beach, New York, complained of herein violates the ADA rights of plaintiff and other individuals who use wheelchairs that desire to use those sidewalks.

21. The sidewalks complained of herein were constructed and/or altered after January 26, 1992, the effective date of the ADA.

22. To the extent that those sidewalks are existing infrastructure, the defendants had an affirmative obligation, pursuant to the ADA, to make them accessible by January 26, 1995 and to maintain and/or repair them thereafter in a manner that is readily accessible to and useable by the plaintiff and other individuals with disabilities.

23. The failure of the defendants to comply with the ADA has resulted in discrimination against plaintiff and has violated plaintiff's rights under the ADA.

## INJUNCTIVE RELIEF

24. Injunctive relief is necessary to order the defendants to cease their violations of the ADA and to provide plaintiff with the rights afforded to him under the ADA.

25. There are reasonable grounds to believe that the defendants will continue to engage in acts and practices prohibited by the ADA that are complained of herein if injunctive relief is not granted.

## DECLARATORY RELIEF

26. Plaintiff is entitled to a declaratory judgment specifying each of the ADA violations committed by the defendants and each of the plaintiff's rights to relief as against the defendants under the ADA.

## ATTORNEY'S FEES AND COSTS

27. Plaintiff had to retain the undersigned counsel in order to enforce his rights under the ADA. The undersigned counsel is entitled to recover attorney's fees, costs and expenses if the plaintiff prevails in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief from the Court:

A. Issue a permanent injunction against the defendants, requiring their agents, servants and employees, and all persons or entities in active concert therewith, to make all necessary modifications to the defendants' sidewalks, that are complained of herein, and to eliminate all obstructions that deny lawful access by plaintiff and other individuals who use wheelchairs to those sidewalks..

B. Enter declaratory judgment in favor of the plaintiff specifying his rights under the ADA as against the defendants and specifying the defendants' violations of the ADA.

C. Find that plaintiff is prevailing party in this lawsuit and award attorney's fees, costs and expenses, and such other and further relief, at law or equity, to which the plaintiff may be justly entitled.

Dated:       Melville, New York
             December 16, 2005

_____
Martin J. Coleman, Esq., (MJC 7945)
48 South Service Road, Suite 100
Melville, New York 11747
(631) 465-2101